**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **CECIL H. WALLACE, JR.,** § | |
| Plaintiff, § | |
| § | Civil Action No. 3:12-CV-3931-D |
| vs. § | (Consolidated with No. 3:12-CV-3932-D) |
| § | |
| **PINNACLE FAMILY OF COMPANIES,** § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**Parties:**

Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendant is the Pinnacle Family of Companies.

**Factual background:**

Plaintiff states that in October, 2009, he was renting an apartment owned by Defendant. He states the apartment manager and other tenants burglarized his apartment and stole access to his computer passwords, retirement accounts, checking accounts, life insurance and other accounts. He states the apartment manager called him to the apartment office where she and other tenants sprayed him with pepper spray, held him at gun point, forced him to sign over his accounts and attempted to kill him. He seeks two hundred million dollars in damages.

**Screening:**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

**Discussion:**

Plaintiff states Defendant has violated the Fair Housing Act and that he is entitled to sue under 42 U.S.C. § 3613. That section provides for a private right of action for discriminatory housing practices. Plaintiff does not explain how Defendant discriminated against him on the basis of race, color, religion, sex, handicap, family status or national origin as required by the statute. *Id*. at § 3606. Additionally, a civil action must be commenced within two years of the alleged discrimination. *Id*. at § 3613. Petitioner states the incidents in his complaint occurred in October, 2009. He did not file his complaint until September 28, 2012. Petitioner's claims should be dismissed.

**RECOMMENDATION:**

The Court recommends that this case be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

Signed this 28th day of January, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); F̲ED̲. R. C̲IV̲. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).