# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| CECIL H. WALLACE, JR., § | | |
| Plaintiff, § | | |
| § | Civil Action No. 3:12-CV-3931-D | |
| vs. § | (Consolidated with No. 3:12-CV-3932-D) | |
| § | | |
| PINNACLE FAMILY OF COMPANIES,§ | | |
| Defendant. § | | |

## ORDER

After conducting a *de novo* review, the court finds that the pertinent findings, conclusions, and recommendation of the magistrate judge are correct, and they are adopted as the findings and conclusions of the court.

Plaintiff objects to the magistrate judges's findings, conclusions, and recommendation, but he does not show that one of the grounds on which the magistrate judge relied—that plaintiff's claim under the Fair Housing Act is barred by the statute of limitations—is incorrect. In response to the magistrate judges's questionnaire, plaintiff stated that the incident on which his lawsuit is based took place on October 28, 2009. *See* P. Answer Quest. No. 1. Plaintiff filed these consolidated lawsuits on September 28, 2012. More than two years elapsed between the date his claim accrued and the date he filed his lawsuits. Plaintiff seems to rely in his objections on the fact that he made complaints with other federal and local agencies in 2010 and then filed his lawsuit in 2012: in other words, within two years of filing his agency complaints in 2010. *See* P. Objs. 4. But the two-year limitations period commenced on October 28, 2009—the date he alleges his apartment was broken into—so his lawsuits are barred by the statute of limitations because he did not file them within two

years of that date.

**SO ORDERED**.

February 28, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE